# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

September 14, 2004

Clarence Maddox
Clerk, U.S. District Court
301 N. Miami Avenue
Miami FL 33128

FILED by _____ D.C.
APPEALS
SEP 16 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**Appeal Number: 03-16289-JJ**
Case Style: USA v. Rafael Antonio Velasquez
District Court Number: 03-20233 CR-JAL

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: seven volumes, one volume supplemental

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

✓ (1) Vol Pleadings
✓ (7) Vols Transcripts
✓ (1) PSI

MDT-1 (03-2004)

# United States Court of Appeals
For the Eleventh Circuit

No. 03-16289

District Court Docket No.
03-20233-CR-JAL

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Aug 16, 2004

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL ANTONIO VELASQUEZ,

Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Southern District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: August 16, 2004
For the Court: Thomas K. Kahn, Clerk
By: Jackson, Jarvis

ISSUED AS MANDATE
SEP 1 4 2004
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 03-16289
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 1 6 2004
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-20233-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL ANTONIO VELASQUEZ,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(AUGUST 16, 2004)

Before ANDERSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Rafael Antonio Velasquez was indicted on one count of being an alien who falsely reported himself as a United States citizen, in violation of 18 U.S.C. § 911, one count of falsely claiming to be a citizen, in violation of 18 U.S.C. § 1015(f),

and two counts of making a false statement in connection with his naturalization interview, in violation of 18 U.S.C. § 1001. At trial, the government argued that Velasquez violated immigration law by registering to vote and voting in elections before he became a naturalized United States citizen and, subsequently, by making a false statement during his naturalization interview by denying such conduct.

Mariesela Sierra, a district adjudication officer with the U.S. Customs and Immigration Services agency, testified that after Velasquez completed an application form, she interviewed him as part of his naturalization proceeding. Although Sierra did not remember Velasquez's interview in particular, she said she conducted every interview in the same fashion, and that she always asked about registering to vote and voting. According to Sierra, Velasquez answered "no" to whether he had done either.[1] In addition, Meril Finnerty, a supervisor with the Immigrant and Adjudication Services department, testified that interviewers asked voting-related questions, but she conceded that she was not present for Velasquez's interview.

---

[1] Sierra testified that because of a recent change in the law, the application form did not include questions about registering to vote and voting, but interviewers "rubber-stamped" those two questions on the form and asked them during interviews. Sierra indicated that she "rubber-stamped" those questions, that Velasquez answered "no" to them, that she wrote his answers on the application form, and that he signed the form after the interview.

2

Velasquez testified in his own defense, stating that there were no questions about voting on his naturalization application form, and that he was not asked about registering to vote or voting during his interview.[2] Defense counsel then called immigration lawyer Ira Kurzban as an expert witness. The government objected to him testifying as an expert, and the court sustained the objection, but allowed Kurzban to testify as to what he had observed as a lawyer. Kurzban stated that he represented many clients in naturalization proceedings and that interviewers did not always ask every question on a form. Kurzban admitted, however, that he did not know Sierra and had not seen her conduct an interview.

After the parties rested their cases, the defense counsel requested that the court instruct the jury that government agents should not be given any more credibility than other witnesses. The court denied the motion, stating that the issue was covered during voir dire,[3] and that jury instructions would remind jurors to weigh the credibility of each witness.

---

[2] Velasquez conceded, however, that he had registered to vote and had voted before his naturalization was complete. He claimed that once he learned he was not eligible to vote, he no longer voted.

[3] The jury was questioned during voir dire about whether they were able to judge credibility without giving a government agent special consideration. One juror was removed because he had such a bias.

3

The jury subsequently acquitted Velasquez of the first two counts, and convicted him of the two counts of making a false statement in connection with his naturalization interview, in violation of 18 U.S.C. § 1001. Velasquez appeals, claiming that the district court erred in excluding expert testimony from Kurzban and in failing to instruct the jury on the credibility of the witnesses who were government agents.

I. Testimony

We review a district court's decision regarding expert testimony for abuse of discretion. United States v. Chastain, 198 F.3d 1338, 1348 (11th Cir. 1999). Under the rules of evidence, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed.R.Evid. 702. In contrast, "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701.

4

Here, the court allowed Kurzban to testify about general questions concerning the forms and the interviewing process because the testimony was based on what Kurzban had observed. See Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd., 320 F.3d 1213, 1223 (11th Cir. 2003) (admitting opinion testimony by a lay witness when the witness testified based upon his particularized knowledge garnered from experience); See Fed.R.Evid. 701 (allowing factual testimony that is rational, helpful to determination of a fact in issue, and not based on specialized knowledge within the scope of Rule 702.). Kurzban could not, however, directly rebut the government's evidence with an expert opinion, because he conceded that he was not familiar with Sierra and was not present during Velasquez's interview. Thus, the district court did not abuse its discretion in limiting Kurzban's testimony to his own observations. See Fed.R.Evid. 702 (stating that the court hears expert testimony when it is based on scientific, technical, or other specialized knowledge).[4]

II. Jury Instructions

We also review a district court's jury instructions for abuse of discretion. United States v. Puche, 350 F.3d 1137, 1148 (11th Cir. 2003). "The district

---

[4] Velasquez also argues that court erred in allowing Sierra and Finnerty to testify as experts and refusing to qualify Kurzban as an expert. Sierra and Finnerty did not testify as experts, however. Like Kurzban, they only testified to what they had observed.

5

court's refusal to give the requested instruction is reversible error only if (1) the instruction is substantially correct, (2) the instruction was not addressed in the charge actually given, and (3) the failure to give the requested instruction seriously impaired the defendant's ability to present an effective defense." United States v. De La Mata, 266 F.3d 1275, 1298 (11th Cir. 2001).

Here, we hold that the district court did not abuse its discretion in denying Velasquez's requested jury instruction. First, the jury instruction was substantially correct, as the district court issued the Eleventh Circuit pattern instruction for credibility of a witness, and the court instructed the jury to consider bias. Second, although the requested instruction was not given in the charge, the jury had been questioned during voir dire about whether they were able to judge credibility without giving a government agent special consideration. Finally, the failure to give the proposed instruction did not substantially impair Velasquez's ability to present his defense. Counsel was able to cross-examine government witnesses to attack their credibility. Moreover, Kurzban testified, challenging whether all appropriate questions were generally asked in interviews. For these reasons, Velasquez cannot show that his defense was substantially prejudiced.

Accordingly, we AFFIRM.

6

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia